UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRUCE INGRAHAM; HOLLY INGRAHAM,

       Plaintiffs,

  v.                No. 1:20-CV-0147
                       (TJM/CFH)
ANDREW CUMO, JR., et al.,

       Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**

Bruce & Holly Ingraham
6102 State Highway 5
Apt. 5
Palatine Bridge, New York 13428
Plaintiffs pro se

## REPORT-RECOMMENDATION AND ORDER

  Plaintiffs pro se Bruce Ingraham and Holly Ingraham purported to commence this action on February 12, 2020, with the filing of a complaint. Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, plaintiffs each filed Motions to Proceed In Forma Pauperis ("IFP"). Dkt. Nos. 2, 3. After reviewing plaintiffs' IFP applications, Dkt. No. 2, 3, the undersigned determines that plaintiffs qualify to proceed IFP for purposes of filing only.

### I. Initial Review

### A. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action. Where, as here, a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a

2

responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides in pertinent part that:
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D.

3

352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Plaintiffs' Complaint

Plaintiffs' complaint is written on a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983. Under the "Facts" section of the form complaint, plaintiff's provide a laundry list of unexplained apparent claims: "civil prevention, law suit realation [sic] of a crime vicitim [sic] of state agenice [sic] of lawsuit. Animal abuse & Death of animals. Psycigical [sic] abuse, malias [sic] and attmeted [sic] malias [sic], biological warefare [sic] threw insect, lifeline money was been supperesed [sic] conterfit

4

[sic] legal paper, or Grangie [sic] Crime handoff." Compl. at 2.  The causes of action allege "biological warefare [sic] with bedbugs, flea, camation [sic] and germ warefare [sic] throw code violation"; "financal [sic] attack of illegal eviction from residence to residence"' "psyciogal [sic] & matrial [sic] statics [sic] oreffal [sic] treatment, slect [sic] procustion [sic]." Id. at 3.  Under prayer for relief, the complaint lists, "[b]eening [sic] throw [sic] in a snowbank." Id.

Plaintiffs' complaint completely fails to meet the pleading guidelines of Federal Rules of Civil Procedure 8 and 10.  First, the complaint is somewhat illegible.  Second, and perhaps more significantly, it is unintelligible.  It not possible to discern a single fact from the complaint nor a cause of action under any federal statute or constitutional provision.  Further, because the complaint is void of distinguishable factual context, the Court has no means by which to assess whether this Court's jurisdiction or venue is proper.  Indeed, plaintiffs also fail to provide dates for any of the apparent allegations in the complaint nor do they list domiciles of the approximately forty named defendants.  A complaint that fails to comply with the pleading requirements of Rules 8 and 10 "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales, 167 F.R.D. at 355.  Here, the Court has no ability to assess the sufficiency of the plaintiffs' claims. Id.

Although this complaint warrants outright dismissal, Salahuddin, 861 F.2d at 42, in light of plaintiffs' pro se status, it is recommended that the plaintiffs be provided with one final opportunity to amend their complaint to attempt to set forth sufficient factual

and legal allegations, in compliance with Rules 8 and 10, such that the Court can reasonably assess their claims and determine whether the matter may proceed pursuant to §1915.[1]

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiffs' motions to proceed IFP (Dkt. No. 2, 3) be **GRANTED for purposes of filing only**; and it is

**RECOMMENDED**, that plaintiffs' complaint (Dkt. No. 1) be **dismissed <u>sua sponte</u> without prejudice**, and it is

**RECOMMENDED**, that plaintiffs be provided thirty (30) days from the filing date of any Decision & Order reviewing this Report-Recommendation & Order to file an amended complaint complying with the requirements set forth in this Report-Recommendation & Order, and if plaintiffs' fail to make such filing within the aforementioned time line, that the complaint be dismissed without prejudice and *without further order from this Court*; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED**.

---

[1] The undersigned observes that plaintiffs commenced one other action in this Court, which was dismissed without prejudice, after plaintiffs failed to file an amended complaint after the original complaint was dismissed for failure to meet the pleading requirements. See Ingraham v. Red Carpet Housing, 1:17-CV-0176 (GLS/CFH) (dismissed Jan. 11, 2018).

6

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[2]

Dated: February 27, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[2] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).